AMIN WASSERMAN GURNANI LLP
William P. Cole, Bar No. 186772
Matthew R. Orr, Bar No. 211097
Rebecca M. Lee, Bar No. 312039
515 South Flower St., 18th Floor
Los Angeles, CA 90071
Tel: (213) 933-2330
Fax: (312) 884-7352
wcole@awglaw.com
morr@awglaw.com
rlee@awglaw.com

Attorney for Defendant Love Corn USA

**UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REYA ARCHER, individually herself and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LOVE CORN USA; and DOES 1 through 50, Inclusive,<br><br>Defendant. | State Case: 26STCV21907<br><br>**DEFENDANT LOVE CORN USA'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1441, 1453, AND 1446** |

**PLEASE TAKE NOTICE** that Defendant Love Corn USA ("Love Corn") hereby removes this action from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1441, 1453, and 1446. Defendant files this Notice without waiving any defenses, exceptions, or obligation that may exist in its favor. Defendant

hereby provides "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1146(a).

## STATEMENT OF THE CASE AND TIMELINESS OF REMOVAL

1. On July 13, 2026, Plaintiff Reya Archer ("Plaintiff" or "Archer") commenced this action in the Superior Court of the State of California in and for the County of Los Angeles, captioned *Reya Archer, individually herself and on behalf of all others similarly situated v. Love Corn USA; and DOES 1 through 50, Inclusive*, Case No. 26STCV21907 (the "State Court Action"). A true and correct copy of the complaint in the State Court Action is attached hereto as **Exhibit 1** (the Complaint). Archer served the Complaint on Love Corn no earlier than July 27, 2026.

2. Archer's Complaint alleges that Love Corn falsely advertises its "LOVE CORN® sour cream & onion" product line (the "Product") as containing "0 added sugar," even though, the products allegedly contain "sugar." (*E.g.* Compl. ¶¶ 2–3.) Archer seeks to certify a class of individuals in California who purchased the LOVE CORN® sour cream & onion products that contained the "0 added sugar." (*Id.* ¶ 58.) She brings a claim for damages under the California Consumers Legal Remedies Act (CLRA). (*Id.* ¶ 79.) Archer also seeks restitution under California's Unfair Competition Law (UCL) and a common law breach of express warranty claim. (*Id.* ¶¶ 99, 116).

3. In addition to the pleadings and filings mentioned above, all other pleadings, processes, and orders served upon or received by Love Corn in the State Court Action or found on the docket in that action are attached hereto.

a. The Complaint is attached hereto as **Exhibit 1**;

b. The Summons is attached hereto as **Exhibit 2**;

c. The Civil Case Cover Sheet is attached hereto as **Exhibit 3**;

d. The Notice of Civil Home Court Assignment is attached hereto as **Exhibit 4**;

e. A copy of the docket in the State Court Action is attached hereto as **Exhibit 5**; and

f. A copy of other papers served upon Love Corn or found on the state court docket are attached hereto as **Exhibit 6**;

4. This removal is timely as required by 28 U.S.C. § 1446(b) because the thirty-day deadline for removing this case after the date of service, July 27, 2026, is August 26, 2026.

## SUBJECT MATTER JURISDICTION

5. The State Court Action is removable to this Court because the Court has original jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1453. Further, the Central District of California encompasses the location in which the State Court Action is currently pending (*i.e.*, Los Angeles County, California). *See* 28 U.S.C. § 84(b) (setting Los Angeles County in the Central District); *id.* § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.").

### The Action Satisfies the Requirements for CAFA Jurisdiction

6. This Court has original jurisdiction under CAFA, codified in part at 28 U.S.C. §§ 1332(d)(2) and 1453(b), because it is a civil action styled as a class action in which: (1) the number of members of the proposed plaintiff class is not less than one hundred, in the aggregate; (2) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; and (3) any member of the class of plaintiffs is a citizen of a State different from any defendant. 28 U.S.C. §§ 1332(d)(2), (d)(5)(B) and (d)(6).

***Plaintiff's complaint is styled as a putative class action with a proposed class of not less than 100 members***

7. The Court has CAFA jurisdiction because this lawsuit is a putative class action, and the proposed class comprises more than 100 individuals. (Compl., ¶ 65.)

8. CAFA jurisdiction exists over any "class action" brought under any "State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action[.]" 28 U.S.C. § 1332(d)(1)(B). This case constitutes a "class action" for purposes of removal because Plaintiff styles her complaint as a "Class Action." (Compl. caption; Compl. ¶ 60.) Plaintiff alleges that "[a] class action is superior to the other available methods for the fair and efficient adjudication of this controversy because joinder of all Class members is impracticable. The amount at stake for each Class member, while significant, is such that individual litigation would be inefficient and cost-prohibitive. Additionally, adjudication of this controversy as a class action will avoid the possibility of inconsistent and potentially conflicting adjudication of the claims asserted herein." (Compl. ¶ 72.) Thus, this action qualifies as a class action under CAFA.

***<u>The Amount in Controversy Exceeds $5 Million</u>***

9. "To meet CAFA's amount- in-controversy requirement," a defendant need only "plausibly show that it is reasonably possible that the potential liability exceeds $5 million." *Greene v. Harley Davidson*, 965 F.3d 767, 772 (9th Cir. 2020). "[T]he amount in controversy is the 'amount at stake in the underlying litigation.'" *Id.* (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016)). "'Amount at stake' does not mean likely or probable liability; rather it refers to possible liability." *Id.* Among other items, " the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 793 (9th Cir. 2018).

10. "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (citing *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002)). Defenses that a defendant may assert

are not considered in assessing the amount placed in controversy. *See Riggins v. Riggins*, 415 F.2d 1259, 1262 (9th Cir. 1969); *Lara v. Trimac Transp. Svcs. (W.) Inc.*, No. CV 10-4280-GHK (JCx), 2010 WL 3119366, *3 (C.D. Cal. Aug. 6, 2010).

11. Defendant may assume a recovery rate of 100% in calculating the amount in controversy. *See, e.g.*, *Ritenour v. Carrington Mortgage Servs. LLC*, 228 F. Supp. 3d 1025, 1030 (C.D. Cal. 2017).

12. Where the Complaint does not state the amount in controversy, the defendant's notice of removal need only include "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014); *see also Greene*, 965 F.3d at 772. No antiremoval presumption attends cases invoking CAFA. *Greene*, 965 F.3d at 772.

13. While Defendant contests any liability on Plaintiff's claims, Plaintiff's class claims place in controversy an amount more than $5,000,000. Plaintiff alleges that she and the putative class members "have suffered harm and seek (a) actual damages resulting from purchases of the LCU Products sold throughout the Class Period to all Class Members, (b) punitive damages, (c) injunctive relief in the form of modified advertised [sic] and corrective advertising plan, (d) restitution, and (e) attorneys' fees and costs." (Compl. ¶ 80.) The applicable statute of limitations for a UCL claim is four years, Cal. Bus. & Prof. Code § 17208, and Plaintiff seeks to certify a class including all consumers in California who purchased the Products "at any time between February 5, 2021, to the time a class is notified[.]" (Compl. ¶ 58). Total sales attributed to the Products during the relevant statute of limitations period in California exceed $4,300,000 through the end of July 2026. Furthermore, the Complaint alleges a class duration that continues until class notice is disseminated and alleges that Defendant's allegedly wrongful practices are ongoing. (Compl. ¶¶ 46, 58.) Class periods commonly extend to the date of class certification. *See, e.g. Kang v. Credit Bureau Connection, Inc.*, No. 1:18-cv-01359, 2022 WL 658105, at *3 (E.D. Cal. 2022); *Cruz v. Dollar Tree Stores, Inc.*, No. 07-2050, 2009 WL 1974404, at *2 (N.D. Cal. July 2, 2009). In a case involving

a claim for punitive damages under the CLRA, such as this case, it is reasonable to assume that a punitive damages-to-compensatory damages ratio of 1:1 or higher is at stake. *Greene*, 965 F.3d at 772. Plaintiff's damages claim (all putative class members' purchase prices plus punitive damages) conservatively total over $8,600,000.

14. Plaintiff and her putative class also seek to recover attorneys' fees, which are available by statute under the CLRA. Compl., Request for Relief, ¶ I. "[A] court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch*, 899 F.3d at 794. "[T]he Ninth Circuit has established 25% as a benchmark award for attorneys' fees" in class actions. *Lopez v. First Student, Inc.*, 427 F. Supp. 3d 1230, 1238 (C.D. Cal. 2019); *accord Austin v. Foodliner, Inc.*, No. 16-CV- 07185-HSG, 2019 WL 2077851, at *6 (N.D. Cal. May 10, 2019).

15. While Defendant denies it has any liability to Plaintiff or to the putative class, and denies that action will satisfy the requirements for class certification under Fed. R. Civ. P. 23, the amount in controversy is not a merits issue. In light of the damages, restitution, punitive damages, and attorneys' fees, the Complaint puts an amount in controversy well in excess of $5,000,000.

***Minimal Diversity Exists***

16. CAFA jurisdiction is met where "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). That requirement is met here. Plaintiff alleges that she is a resident of California. (Compl. ¶ 8.) Defendant is a corporation headquartered in California, New Jersey and Delaware. (Compl. ¶ 9.) Because Plaintiff alleges a proposed California class, and because Defendant is not a citizen of California, Defendant alleges that there is far more than one member of the proposed class that is a citizen of a State different from Defendant, and there is minimal diversity under 28 U.S.C. § 1332(d)(2)(A).

/ / /

***Exceptions to CAFA Removal Do Not Apply***

17. This action does not fall within any exclusions to removal jurisdiction recognized by 28 U.S.C. § 1332(d)(3), (4), (9) or 28 U.S.C. § 1453(d). Under § 1332(d)(3), a court may decline to exercise jurisdiction over a class action where "greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed…" Here, because Defendant is not a citizen of California, and California is the State in which the action was originally filed, this exclusion does not apply.

18. 28 U.S.C. § 1332(d)(4)(A) requires a district court to decline jurisdiction over a class action in which, among other things, "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed… [and] at least 1 defendant is a defendant… who is a citizen of the State in which the action was originally filed…" Similarly, § 1332(d)(4)(B) requires a district court to decline jurisdiction where "two-thirds or more of the members of all proposed classes in the aggregate, and the primary defendants, are citizens of the state in which the action was originally filed." Here, Defendant is not a citizen of California therefore neither of these exceptions apply.

19. In addition, this action does not fall within any of the other categorical exceptions under CAFA. *See* 28 U.S.C. § 1332(d)(9)(A), (B), and (C) (making exceptions for an action (1) "concerning a covered security"; (2) that relates to the internal affairs or governance of a corporation or other form of business enterprise"; (3) "that relates to the rights, duties (including fiduciary duties), and obligations related to or created by or pursuant to any security…"); *see also* 28 U.S.C. § 1453(d) (same exceptions).

**Love Corn Satisfies the Requirements of 28 U.S.C. § 1446**

20. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* U.S.C. § 1446(a).

21. This Notice of Removal has been timely filed because the thirty-day deadline for removing this case after the date of service, July 27, 2026, falls on August 26, 2026, and this Notice is filed on August 26, 2026. *See* 28 U.S.C. § 1446(b)(2).

22. Concurrently with the filing of this Notice, Love Corn is giving written notice to all adverse parties and is filing a copy of this Notice with the clerk of the Superior Court of the State of California in and for the County of Los Angeles. *See* 28 U.S.C. § 1446(d).

23. Love Corn does not waive and expressly reserves all objections, defenses, and exceptions authorized by law, including but not limited to those pursuant to Rule 12 of the Federal Rules of Civil Procedure.

## **CONCLUSIONS AND DEMAND FOR JURY TRIAL**

24. For the foregoing reasons, Defendant hereby removes this case from the Superior Court of the State of California for the County of Los Angeles to this United States District Court.

25. Defendant hereby demands a jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues subject to a jury trial raised in the Complaint

Dated: August 25, 2026

**AMIN WASSERMAN GURNANI, LLP**

**/s/ *Matthew R. Orr***
Matthew R. Orr
*Attorneys for Defendant*